# SULLIVAN et ux. v. CRABTREE.—258 S. W. (2d) 782.

Middle Section.   February 27, 1953.

Petition for Certiorari denied by Supreme Court, June 5, 1953.

470

Paul F. Bumpus and Theodore Hudson, both of Nashville, for plaintiffs in error.

John W. Crabtree, pro se.

FELTS, J.   Plaintiffs sued for damages for the death of their adult son, Robert Sullivan, who was killed while a guest in a motor truck which swerved off the highway and overturned down a steep embankment.   Suit was brought against both the owner and the driver of the truck, but a nonsuit was taken as to the owner, and the case went to trial against the driver alone.   There was a verdict and judgment in his favor, and plaintiffs appealed in error.

The truck was a large trailer-tractor truck owned by Hoover Motor Express Company, Inc., and used by it in its business as a carrier of freight.   Its driver, Crabtree, was driving the truck with a load of freight from Nashville to Atlanta, and he permitted Sullivan to ride with him as a guest in the cab of the truck.   He drove from Nashville to Monteagle, arriving there in the afternoon. He then decided to drive back some ten miles to his home at Pelham, eat supper there, and go on to Atlanta that night.   It was on his way back to Pelham that the accident happened.

The road on which he was driving was a paved first-class Federal-state highway (U. S. 41, Tenn. 2), but coming down the mountain from Monteagle to Pelham it had a number of moderate grades and pretty sharp curves. It was midafternoon, and the weather was dry and clear.

As Crabtree was approaching a curve another truck overtook and passed him, and just after it did so, Crabtree's truck suddenly swerved from his right side over to his left, ran off the left shoulder, overturned down a steep embankment, and crushed Sullivan to death.

Defendant testified that there was some loose gravel on the road, which had perhaps been spilled there by trucks hauling gravel, and the pavement was broken a little on the right-hand side; and that when he "hit the edge of the curve on the right-hand side" he "lost control of the truck," and it turned from his right side across to the left, and ran off the left shoulder of the highway. On cross-examination he further said:

"Q. Can you tell the Jury now what caused you to lose control of the truck and permit it to run off the road down the embankment? A. No. The brakes could have gave way, or the brakes could have grabbed or it could have been a particular wheel grabbed, because on a tractor, if the brakes happen to grab on it, the load is so much heavier than the tractor, it whips either way and takes control of the tractor and you have nothing to do with it.

"Q. Did that happen in this case?

"A. It is possible.

&ast;  &ast;  &ast;  &ast;  &ast;  &ast;

"Q. You can't tell us just what did cause the accident or cause you to lose control of the truck?

"A. Probably hitting the edge of the pavement or it could have been several different things. Like one going off the mountain, if it is pulled out with the wrecker, you don't know whether a hose got connected up in there and when you turned the curve break it loose. The brakes are cut on and off with a catch there like that, and it is easy for a hose to get loose."

■ Such being the undisputed facts, plaintiffs contend that defendant was guilty, as a matter of law, of negligence causing the death sued for, and that there was no evidence to support a verdict for defendant. They show a duty of care owing by defendant to the deceased under our rule that a driver must use ordinary care for the safety of his guest, Tennessee Cent. R. Co. v. Vanhoy, 143 Tenn. 312, 335, 226 S. W. 225; and to make out a breach of that duty, or proximate negligence, they invoke the rule of *res ipsa loquitur*.

They insist that the facts of this case brought it within the rule of *res ipsa loquitur* requiring a finding of negligence, in the absence of an explanation disproving negligence; that since there was no such explanation, since defendant did not know why he lost control of the truck or what caused the accident, the jury were bound to find that it was caused by his negligence and could not reasonably render a verdict in his favor.

The classic statement of the doctrine of *res ipsa loquitur* is this: "[W]here the thing [causing the harm] is shown to be under the management of defendant or his servants, and the accident is such as in the ordinary course of things does not happen if those who have the management use proper care, it affords reasonable evidence, in the absence of explanation by the defendants, that the accident arose from want of care." Erle, C. J., Scott v. London and St. Katherine Docks Co. (1865), 3 H. & C. 596, 159 Eng. Reprint 665, 667.

This statement has been accepted in our cases. John Bouchard & Sons Co. v. Keaton, 9 Tenn. App. 467, 479; North Memphis Savings Bank v. Union Bridge & Const. Co., 138 Tenn. 161, 177, 196 S. W. 492; Lewis v. Casenburg, 157 Tenn. 187, 7 S. W. (2d) 808, 60 A. L. R. 254;

Poor Sisters of St. Francis v. Long, 190 Tenn. 434, 230 S. W. (2d) 659.

■■ The maxim *res ipsa loquitur* means that the facts of the occurrence evidence negligence; the circumstances unexplained justify an inference of negligence. In the principle of proof employed, a case of *res ipsa loquitur* does not differ from an ordinary case of circumstantial evidence. *Res ipsa loquitur* is not an arbitrary rule but rather ''a common sense appraisal of the probative value of circumstantial evidence.'' Boykin v. Chase Bottling Works, 32 Tenn. App. 508, 520-523, 222 S. W. (2d) 889, 896.

■■ This maxim does not generally apply to motor vehicle accidents, but it may apply to such an accident where the circumstances causing it were within the driver's control and the accident was such as does not usually occur without negligence. So where a motor vehicle, without apparent cause, runs off the road and causes harm, the normal inference is that the driver was negligent, and *res ipsa loquitur* is usually held to apply.

Some of the authorities supporting this view are: Tabler v. Perry, 337 Mo. 154, 85 S. W. (2d) 471; Adams v. LeBow, 236 Mo. App. 899, 160 S. W. (2d) 826; Masten v. Cousins, 216 Ill. App. 268; Smith v. Kirby, 115 N. J. L. 225, 178 A. 739; Kinary v. Taylor, 243 App. Div. 651, 276 N. Y. S. 688; cf. Galbraith v. Busch, 267 N. Y. 230, 196 N. E. 36; 9 Blashfield, Cyclopedia of Automobile Law (1941 Ed.) sec. 6045; 5 Am. Jur., Automobiles. sec. 608; Annotation, 93 A. L. R. 1101.

This Court applied *res ipsa loquitur* in Greyhound Lines, Inc., v. Patterson, 14 Tenn. App. 652, where a bus ran off the road and injured an occupant. But that was a suit by a passenger against a carrier, where liability is stricter than in the case of a guest. However, insofar as

such an action is based on negligence, rather than a breach of contract, the test is the same as in a suit by a guest, and what will evidence negligence in the one case will do so in the other. See Boykin v. Chase Bottling Works, supra, 32 Tenn, App. 518-519, 222 S. W. (2d) 889; Cincinnati N. O. & T. P. R. Co. v. South Fork Coal Co., 6 Cir., 139 F. 528, 534, 1 L. R. A., N. S., 533, 538.

"A *res ipsa loquitur* case is a circumstantial evidence case which permits a jury to infer negligence from the mere occurrence of the accident itself." Prosser, Res Ipsa Loquitur in California, 37 Cal. L. Rev. 183, 191. So after proof of the *rem* the adding of another fact or facts may supply the explanation and take the case out of the rule. For example, see Granert v. Bauer, 17 Tenn. App. 370, 373, 67 S. W. (2d) 748 (where driver ran out of road trying to miss a hole) ; Oliver v. Union Transfer Co., 17 Tenn. App. 694, 698, 71 S. W. (2d) 478 (where side of road caved in taking the bus with it).

█ So we agree with learned counsel for plaintiffs that the facts of this case brought it within the maxim *res ipsa loquitur*. The accident was such as does not usually occur without negligence, and the cause of it was in control of the driver, or rather it resulted from his loss of control of the truck, which he could not explain.

While we agree that these facts made a case of *res ipsa loquitur*, we do not agree that they, though unexplained, required an inference or finding of negligence, or that the jury could not reasonably refuse to find negligence and return a verdict for defendant, or that there was no evidence to support their verdict for him.

It is true there has been confusion in the cases as to the procedural effect of *res ipsa loquitur,* some cases giving it one and some another of these three different effects :

(1) It warrants an *inference* of negligence which the jury may draw or not, as their judgment dictates. Poor Sisters of St. Francis v. Long, 190 Tenn. 434, 442-443, 230 S. W. (2d) 659; Boykin v. Chase Bottling Works, 32 Tenn. App. 508, 522-523, 222 S. W. (2d) 889.

(2) It raises a *presumption* of negligence which requires the jury to find negligence if defendant does not produce evidence sufficient to rebut the presumption. Gill v. Brown, 130 Tenn. 174, 178, 169 S. W. 752; Kay v. Metropolitan Street R. Co., 163 N. Y. 447, 57 N. E. 751; Prosser on Torts, 304; cf. Foltis, Inc. v. City of New York, 287 N. Y. 108, 38 N. E. (2d) 455, 153 A. L. R. 1122; Annotation, 153 A. L. R. 1134.

(3) It not only raises such a presumption but also *shifts the ultimate burden of proof* to defendant and requires him to prove by a preponderance of all the evidence that the injury was not caused by his negligence. Turnpike Co. v. Yates, 108 Tenn. 428, 434, 67 S. W. 69; Gorsuch v. Swan, 109 Tenn. 36, 69 S. W. 1113, 97 Am. St. Rep. 836; Prosser on Torts, 304, 305.

For a review of the numerous cases and a clear and helpful discussion of the subject, see: Prosser, The Procedural Effect of Res Ipsa Loquitur (1936), 20 Minn. L. Rev. 241-271; Prosser, Res Ipsa Loquitur in California (1949), 37 Cal. L. Rev. 183-234; Prosser on Torts (1941), 291-310.

The effect of a case of *res ipsa loquitur*, like that of any other case of circumstantial evidence, varies from case to case, depending on the particular facts of each case; and therefore such effect can no more be fitted into a fixed formula or reduced to a rigid rule than can the effect of other cases of circumstantial evidence. The only generalization that can be safely made is that, in the words of the definition of *res ipsa loquitur*, it affords

"reasonable evidence," in the absence of an explanation by defendant, that the accident arose from his negligence.

■ The weight or strength of such "reasonable evidence" will necessarily depend on the particular facts of each case, and the cogency of the inference of negligence from such facts may of course vary in degree all the way from practical certainty in one case to reasonable probability in another.

In exceptional cases the inference may be so strong as to require a directed verdict for plaintiff, as in cases of objects falling from defendant's premises on persons in the highway, such as Byrne v. Boadle (1863), 2 H. & C. 720, 159 Eng. Reprint 299 (a barrel of flour fell from a window of defendant's warehouse); McHarge v. M. M. Newcomer & Co., 117 Tenn. 595, 100 S. W. 700, 9 L. R. A.,-N. S., 298 (an awning roller fell from defendant's building); and Turnpike Co. v. Yates, supra ( a toll gate or pole fell on a traveler); cf. Annotation, 153 A. L. R. 1134.

■ In the ordinary case, however, *res ipsa loquitur* merely makes a case for the jury—merely permits the jury to choose the inference of defendant's negligence in preference to other permissible or reasonable inferences. North Memphis Savings Bank v. Union Bridge & Const. Co., 138 Tenn. 161, 188, 196 S. W. 492; John Bouchard & Sons Co. v. Keaton, 9 Tenn. App. 467, 480-481; Boykin v. Chase Bottling Works, 32 Tenn. App. 508, 523, 222 S. W. (2d) 889; Poor Sisters of St. Francis v. Long, 190 Tenn. 434, 442-443, 230 S. W. (2d) 659; Prosser, Res Ipsa Loquitur in California, 37 Cal. L. Rev. 183, 217-225.

■ We think this is true in the case before us. The cause of the death sued for was defendant's loss of control of the truck. This may have been due to his own neg-

478

ligence, or it may have been due to no fault of his—an unavoidable accident resulting from the brakes giving way or the breaking of some part of the control mechanism of the truck. Since such conflicting inferences might be reasonably drawn from the evidence, it was for the jury to choose the inference they thought most probable; and we cannot say that there was no evidence to support their verdict for defendant.

Plaintiffs assign for error that the verdict "is contrary to the weight and preponderance of the evidence." The constitutional right of trial by jury forbids us to set aside a verdict as against the weight of the evidence. Therefore such an assignment of error presents no question that can be considered by this Court. Illinois Cent. Railroad Co. v. Abernathey, 106 Tenn. 722, 728, 64 S. W. 3, and cases there cited; Tallent v. Fox, 24 Tenn. App. 96, 107, 141 S. W. (2d) 485; Cherry v. Sampson, 34 Tenn. App. 29, 32, 232 S. W. (2d) 610.

Plaintiffs complain of the exclusion of evidence. This assignment, however, fails to "quote the full substance of the evidence excluded," and therefore cannot be considered by us. Rule 11(3), Williams' Code, Vol. VII, p. 546, 29 Tenn. App. 830.

All the assignments of error are overruled and the judgment of the Circuit Court is affirmed. The costs of the appeal in error are adjudged against plaintiffs in error.

Howell and Hickerson, JJ., concur.