**Peggy G. KEITH and T. Java Keith, Plaintiffs/Appellees,**

**v.**

**Dixie Lee KEITH, Administratrix of the Estate of Wanda Keith, Defendant/Appellant.**

Court of Appeals of Tennessee, Middle Section, at Nashville.

Sept. 25, 1987.

Denied by Supreme Court Nov. 23, 1987.

W.A. Moody, Nashville, for plaintiffs/appellees.

Randall L. Kinnard and M. Linda Hughes, Nashville, for defendant/appellant.

## OPINION

TODD, Presiding Judge.

This is a suit based upon personal injuries sustained by the plaintiff, Peggy G. Keith, while riding as a passenger in a vehicle operated by her daughter, Wanda Keith, who lost her life in the collision in which her mother was injured. The jury returned a verdict in favor of the plaintiff and against the administratrix of the estate of the deceased for $175,000, which verdict was made the judgment of the Trial Court. The administratrix has appealed, presenting six issues for review, of which the first and sixth are as follows:

1. The Court erred in failing to grant a new trial or a directed verdict for the Defendant, there being no proof admitted during the entire trial wherein the Plaintiff overcame the presumption of the exercising of due care on the part of the deceased Defendant driver.

6. There is no material evidence to support the verdict.

The plaintiff testified in substance as follows: On September 24, 1983, plaintiff was a passenger in a vehicle operated by the deceased, returning to Nashville from Murfreesboro on Interstate Highway 24. At a point about 1,000 feet from the Briley Parkway overpass, the vehicle left the westbound pavement, crossed the median onto the eastbound pavement and collided with an eastbound vehicle. Deceased was not intoxicated, was not speeding or acting recklessly in any form or fashion, was following the marked lanes and was keeping a proper lookout ahead. Plaintiff did not know of anything that deceased did wrong to cause the accident. There was some construction in the area which was poorly marked. The last thing plaintiff remembered saying to deceased was that she (plaintiff) would have exited the interstate at Harding Place. Plaintiff remembered

nothing about the driving of deceased after the comment about Harding Place until she saw bright lights. Plaintiff did not know why the accident occurred.

There was no testimony of any other eye witness to the accident.

The investigating officer testified: He found "gouge marks" where something had dug into the dirt and grass of the median. The gouge marks made a loop and extended onto the eastbound pavement near where the vehicle of deceased was found. There was no construction in the area, but there was a warning sign of nearby construction 4 feet nine inches "left" of the westbound pavement. The sign appeared to have been hit by something. There was a large amount of dirt and grass in front of the point in the eastbound pavement where the vehicle of deceased was struck by an eastbound truck.

Defendant relies upon *Memphis Light, Gas & Water Division v. Goss*, Tenn. 1973, 494 S.W.2d 766. This was a suit for wrongful death of a driver of a vehicle which struck a guy wire and utility pole maintained by the defendant in close proximity to a public roadway. There was evidence that, at a point 43 feet 11 inches from the guy wire, the vehicle of deceased left the road, struck the guy wire, ran up it, hit the pole and toppled off into the road. The Trial Court directed a verdict for the defendant. This court reversed and remanded for a new trial. The Supreme Court affirmed, holding that negligence of the defendant and of the deceased were questions for the jury. Said opinion states:

(3) In the absence of any proof as to what caused Mrs. Goss to veer her car onto the west shoulder of the road, the presumption is she was exercising proper care for her own safety but such presumption is no evidence of Petitioner/Defendants' negligence. *Stinson v. Daniel*, 220 Tenn. 70, 414 S.W.2d 7 (1967).

However, Petitioners insist the evidence shows the car left the paved portion of the road forty-three feet and eleven inches north of the guy wire and ran

up the wire a distance of seventeen feet and ten inches where it struck the pole is substantial evidence to support an inference the car was traveling at an excessive rate of speed; and that, therefore, the presumption of due care was overcome and vanished as though it never existed. *Seahorn v. Karr*, 35 Tenn.App. 38, 242 S.W.2d 331 (1951).

. . . .

The question of whether Mrs. Goss was the sole cause of the accident or was guilty of proximate contributory negligence are questions for a jury to determine.

Applying the holding of the foregoing authority to the present case, the rule would be: The question of whether deceased was guilty of negligence proximately causing the injury of plaintiff was for the jury to determine.

■ In *Seahorn v. Karr*, cited above, the deceased was walking across the street when struck by a passing vehicle. It was insisted that there was a presumption that deceased was exercising due care for his safety, but this Court pointed out that deceased lost his life while crossing a street where it was his duty to yield the right of way to vehicles. Paraphrasing and applying the foregoing to the present case, the presumption that deceased was acting with due care is contradicted by the fact that a vehicle under her control veered off the pavement, across the median and into the path of an oncoming vehicle.

■ The presumption of due care has application only in the absence of evidence, either direct or circumstantial, showing how the injury was received, and the presumption disappears when such evidence is produced. *Nichols v. Smith*, 21 Tenn.App. 478, 111 S.W.2d 911 (1937).

Defendant cites *Stinson v. Daniel*, 220 Tenn. 70, 414 S.W.2d 7 (1967). In that case, deceased was operating a motorcycle which struck defendant's vehicle in the right side at an intersection. There was no

direct evidence of defendant's negligence and he claimed the presumption of due care. However, the Supreme Court pointed out that evidence of defendant's intoxication, a violation of law, was sufficient to overcome the presumption.

Defendant argues that the presumption of due care does not disappear until competent and material evidence is introduced showing negligence. As previously stated, the evidence of the movements of the vehicle under the control of deceased circumstantially showed negligence on her part. In *Sullivan v. Crabtree*, 36 Tenn.App. 469, 258 S.W.2d 782 (1953), this Court held that, where a motor vehicle, without apparent cause, runs off the road and causes harm, the normal inference is that the driver thereof was negligent, that this inference constitutes evidence which may be considered by a jury.

■ Defendant argues that the rule of res ipsa loquitur does not apply because the testimony of plaintiff shows that deceased was using due care. It is true that plaintiff so testified as to the conduct of deceased at times prior to the sudden departure from the westbound pavement. However, said testimony is qualified and limited by plaintiff's testimony that she remembered nothing about the conduct of deceased after the remark about Harding Place. There is no evidence as to the conduct of deceased immediately preceding and during the movement from the westbound pavement across the median and into the eastbound pavement. In the absence of such evidence the rule of res ipsa loquitur is applicable.

Defendant cites *McCloud v. City of LaFollette*, 38 Tenn.App. 553, 276 S.W.2d 763 (1954). In that case, owners of a building sued the city for damages to the building from collision of a city sprinkler truck with the building. The driver was found lying in the street with severe injuries and the truck was found two blocks away stopped against plaintiffs' building. On appeal from a jury verdict and judgment for the plaintiffs, defendant insisted there was no

evidence to support the verdict. This Court quoted from *Sullivan v. Crabtree* and held that res ipsa loquitur was applicable. It is true, as insisted by defendants, that where the evidence allows a choice of inferences, the choice is for the jury. In the present case, the jury chose to infer negligence on the part of deceased. The choice was justified under the evidence and the law applicable thereto.

Defendant cites *Tennessee–Jellico Coal Company v. Young,* 18 Tenn.App. 537, 79 S.W.2d 815 (1934). In that case a sixteen year old youth lost his life when he contacted an energized electric wire strung across the yard of his home. This Court affirmed a verdict and judgment for the plaintiff. In response to defendants' assertion that there was no evidence that the wire fell, this Court stated that the evidence of the insecure hanging of the wire produced a permissible inference that it fell, and that it could not be inferred that the wire was pulled down by deceased because he was not tall enough to reach it. Said opinion does state that, in choosing between a presumption of innocence and a presumption of negligence, the presumption of self preservation reinforces the presumption of innocence. However, the cited authority is inapplicable to the present case because there is real physical evidence of the departure of the vehicle from the road which, unexplained, produces a presumption or inference of negligence. No other plausible explanation of the movement of the vehicle is advanced.

Defendant's statement of the case contains the following:

All the facts show that the deceased driver was exercising proper care just prior to the impact and there is no explanation in the record as to how or why the car which had been travelling in the eastbound lanes of the interstate was suddenly in the westbound lanes.

The preceding quotation is not a correct evaluation of the evidence which shows normal operation of the vehicle up to the time it changed course, but there is no evidence of the operation of the vehicle thereafter except the tracks in the median leading to the eastbound pavement. These tracks, leaving the normal path of travel and veering sharply across the median to an abnormal position, produce the presumption or inference of negligent operation of the vehicle.

No merit is found in defendant's first and sixth issues.

Defendants' second issue complains of an instruction to the jury as follows:

"So if you find an *inference* of the deceased driver's negligence, then you will find in accordance with that finding unless you find the *presumption* the driver ordinary driver in the exercise of due care is sufficient to overcome that *presumption of negligence* that you otherwise draw.

Now, in basing your finding upon that, you would consider that is the duty of drivers of automobiles in general to drive an automobile with due care, that is due care having regard to all of the circumstances including the traffic, the rules of law governing driving automobiles, the weather conditions, all of the circumstances that surround it. *I don't think we need to go into that too much. But people on interstate highways should drive with sufficient care that they keep their automobile under control and head it in the proper lane of traffic.*" (Tr. 265–266) (Underscoring supplied)

While the instruction might have been given in clearer terms, this Court does not find it to be reversibly misleading. As explained in *Sullivan v. Crabtree,* supra, a circumstance warrants an inference of negligence which the jury may draw or not as their judgment dictates, but it also furnishes a basis for finding negligence in the absence of contrary evidence. By definition, res ipsa loquitur "affords reasonable evidence of negligence" in the absence of a satisfactory explanation. *Sullivan v. Crabtree,* supra, 36 Tenn.App. at p. 476, 258 S.W.2d 782.

The rule just stated is applicable to the fourth issue which complains of the following jury instruction:

THE COURT: Your task in considering all of the evidence in the case is basically to find whether *the circumstances show an inference that the deceased driver was somehow negligent which caused the accident and also to determine whether there was any other reasonable explanation.* And if you find that there is another explanation that is equally plausible as an explanation of negligence, then your verdict would be for the Defendant.

*If you find an absence of an equally plausible explanation other than negligence, then your finding would be for the Plaintiff,* and you assess damages in the manner that I have just mentioned. (Tr. 267–268)

The quoted instruction correctly authorized the jury to presume negligence from the uncontroverted evidence unless other evidence satisfactorily explained the unusual movements of the vehicle operated by deceased.

Finally, defendant complains of the following jury instruction:

MR. FOREMAN: Pretty much our—how far we go in determining the probable cause, burden of proof and how far we go in determining the actual events.

THE COURT: Well, let's *don't get probable cause* mixed in this. That's an entirely different kind of law.

MR. FOREMAN: I'm not a lawyer.

THE COURT: I understand that. All right. I suppose the first question to your decision is was the deceased, Ms. Keith, negligent? *And then in the absence of direct evidence of exactly what she did or didn't do, then you look at what you can determine happened and make that determination as best you can what you think actually did happen.*

Then ask this question: *Can this kind of thing happen if a person is not negligent?* And if the answer is no, and you consider all other probable causes of the events that you find did happen, and you

find that it is more probably true than not that the driver was negligent as a cause of this particular collision, and you can't find that there is any other explanation that is equally plausible, then you can find this rule—apply this Rule *that if we find that it would not have happened except for negligence, and it did happen, there is no other plausible explanation, then we can find that she was negligent.*

If you make that finding then you determine what that negligence caused by way of injury. And then determine your damages in that manner. You start out with the assumption that, until you have evidence to the contrary, this driver was driving in the exercise of due care. It is only if you find that there was evidence that would support your finding of negligence that you could deviate from that initial presumption. But if you find from your consideration of all of the evidence that this collision would not have occurred except for negligence, and because of that you find that it is more probably true than not that she was negligent, that you can base a finding of negligence without knowing exactly what it was she did or didn't do.

On the other hand, if you find from the evidence *you've heard* that it is *equally plausible* that some other cause could have existed, not a remote possibility but a cause that is at least equally plausible, and *if you all are of the opinion that another cause is equally plausible of this collision, then the burden of proof would require that you not find this driver negligent,* then your verdict would be for the Defendant. (Tr. 276–279)

Defendant presents no argument specifically supporting this issue. This Court finds no reversible error in the quoted portion of the charge.

Defendant argues that the Trial Judge should have directed a verdict for the defendant on grounds of no evidence of negligence. As already pointed out, the un-

usual movement of the vehicle under control of the deceased was evidence of her negligence.

Defendant asserts that the doctrine of res ipsa loquitur does not apply where the alleged negligent actor is deceased and unable to explain her actions. No authority is cited to support this novel proposition, and none is known to this Court.

The judgment of the Trial court is affirmed at the cost of defendant/appellant. The cause is remanded to the Trial Court for such further proceedings as may be necessary and proper.

Affirmed and remanded.

LEWIS, J., and LLOYD TATUM, Special Judge, concur.