**Raymond HILL, Respondent,**

v.

**Wayne HILL, Appellant.**

**No. 51541.**

Supreme Court of Missouri,

Division No. 1.

March 14, 1966.

Motion for Rehearing or for Transfer to Court En Banc Denied April 11, 1966.

John W. Reid, II, of Schnapp, Cooper, Graham & Reid, Fredericktown, for plaintiff-respondent.

Roberts & Roberts, by Raymond R. Roberts, Farmington, for defendant-appellant.

HOUSER, Commissioner.

Raymond Hill, passenger, sued his brother Wayne Hill, owner and driver, for personal injuries sustained when Raymond fell out of Wayne's automobile as it was traveling on Weeks Avenue in St. Louis County. Plaintiff prayed for $24,500. Following a jury verdict for defendant the trial judge sustained plaintiff's motion for a new trial on four grounds, one of which was that the verdict was against the weight of the evidence. Defendant has appealed.

On this appeal defendant raises only one point: error in granting a new trial because plaintiff failed as a matter of law to establish a submissible case of negligence; that plaintiff failed to prove specific negligence and that the res ipsa loquitur doctrine is not applicable because plaintiff submitted the case to the jury on specific negligence.

Plaintiff's petition apparently undertakes to allege a res ipsa loquitur situation: that the automobile was being solely operated by and under the exclusive control of defendant and that defendant negligently caused, allowed and permitted the right door of the automobile to open and plaintiff to be thrown from the automobile on account of the door opening and the automobile to run over plaintiff's right wrist. Defendant filed a general denial.

Plaintiff testified as follows: Plaintiff and defendant entered the automobile at the home of their brother Ivan and had driven north on Weeks Street (a dirt street) about 100 feet when the accident happened. There were several holes in the surface of the street. They were visible; "you could see 'em." These holes were "very deep" and as wide as the tires on a dual-wheeled

truck. The holes had been "wallered out" by traffic. Defendant had been over this street, but not often: every two or three months. Plaintiff had driven over this road previously. He knew when he started over the street as a passenger in his brother's car that there were "chuck holes" in the street and that he would "have to go over that road." The previous night he had driven his new car over the street and when the front wheels came to the holes his bumper hit the ground. On the occasion in question at about 3 o'clock on a bright, dry, sunshiny afternoon defendant's automobile, traveling approximately 10-15 m. p. h., hit these holes. First it hit a hole that threw the car to the left; "it just flopped the body of the car." Then the car came into another hole which threw the car back to the right, throwing plaintiff into the right front door. The door came open. Plaintiff grabbed the door, defendant applied the brakes, which made it more difficult for plaintiff to hold himself and he fell out of the car into the street, his hand went under the car, and the back wheel ran over his hand, inflicting serious injuries. Plaintiff securely closed the door—pulled the door shut—when he entered the automobile. Neither plaintiff nor defendant heard the door rattle from the time they started until the door came open.

Defendant testified that he had traveled over this road; that there were holes in it which "you could see" and that he knew the condition of the road; that they were "beat out holes" in the unpaved road, made by traffic; that the holes were "pretty good sized, say six inches deep." Defendant conceded that he "hit" two or three holes; that when he hit these holes the car would "spring one way then the other"; that the car first went to the left, and then did a "flip-flop" back to the right; "quick like naturally it would be." Defendant was not thrown first to the left and then to the right because he was braced by the steering wheel. He stated that plaintiff went to the left and then to the right "to a certain ex-

tent"; that the door came open and Raymond fell out. The door had never previously come open in defendant's experience. Defendant introduced the testimony of two mechanics, body men, who testified that they had examined the right front door of defendant's automobile, and that it was in perfect condition; that the handles, lock, striker plate, etc. were in good condition and worked properly. They took the car out on road tests in which they put the car through twists and turns on rough roads. There was no indication that the door would open except by releasing the door handle. One of them gave an expert opinion that "hitting the holes" as plaintiff described could not cause the door to come open; that if a car gets in such a twist that a door flies open it springs the door so that it will not shut or lock, but this door was not sprung; it "shut good."

Although plaintiff had attempted to plead a res ipsa loquitur situation he did not submit his case on that theory, but on specific negligence. His verdict-directing instruction hypothesized his status as a passenger in defendant's automobile, the several large "chug holes" in the roadway, defendant driving the automobile into holes on the highway, the right door flying open, plaintiff being thrown from the automobile, that defendant negligently "failed to exercise the highest degree of care to keep a careful and continuous lookout ahead for said holes in the roadway," and that this negligence directly caused the right front door to fly open and plaintiff to be thrown from the automobile.

Defendant would have us reinstate the verdict for defendant on the ground that plaintiff failed as a matter of law to make a submissible case and therefore any trial errors are harmless and the verdict must stand. Defendant concedes that if plaintiff made a submissible case the action of the trial court in granting a new trial on the ground that the verdict is against the weight of the evidence must be sustained regardless of the merits of the other three grounds stated in the trial court's order.

■ We are of the opinion that under the facts in evidence plaintiff made a submissible case of specific negligence on either of two grounds: that, knowing that the path in front of his automobile was dangerous by reason of holes in the roadway, he negligently and carelessly failed to drive his automobile so as to avoid the holes and drove his automobile into said holes, and that he negligently and carelessly drove over a roadway containing large holes at a speed that was excessive under the circumstances.

■ On remand plaintiff may submit either or both of these grounds of specific negligence, if the evidence on retrial is the same. If he proves specific negligence he may not, of course, rely upon the res ipsa loquitur doctrine. McCaffery v. St. Louis Public Service Co., 363 Mo. 545, 252 S.W. 2d 361; Lukitsch v. St. Louis Public Service Co., 362 Mo. 1071, 246 S.W.2d 749. (On liability under the res ipsa loquitur doctrine where the door of a privately owned automobile suddenly comes open, resulting in injury to a guest, Adams v. Le Bow, 236 Mo.App. 899, 160 S.W.2d 826, and Powers v. Seibert, Mo.App., 297 S.W.2d 627, should be consulted.)

The order is affirmed and the case is remanded for a new trial.

HIGGINS, C., concurs.

WELBORN, C., concurs in result.

PER CURIAM.

The foregoing opinion by HOUSER, C., is adopted as the opinion of the court.

HENLEY and DONNELLY, JJ., concur.

HYDE, J., concurs in result.

HOLMAN, P. J., concurs in result and adopts Memorandum of WELBORN, C., as his opinion concurring in result.

WELBORN, Commissioner.

I concur in result. I believe that a submissible case was made of negligently driving over a roadway containing large holes at a speed that was excessive under the circumstances. I find no basis for the conclusion that a submissible case was made on the grounds that defendant failed to drive his automobile so as to avoid the holes and drove his automobile into said holes. I find nothing in the facts as stated to support the conclusion that there was an available route whereby the holes could have been avoided.

In my opinion this is a case involving specific negligence although only general negligence is pleaded. I see no reason to discuss the possibility of application of the res ipsa loquitur doctrine.