Richard Glenn MASTERS, A Minor by Next Friend and Father, Truman MASTERS, Truman Masters, Individually, and Sue Masters, Plaintiffs/Appellants,

v.

Bruce S. RISHTON, A Minor, Robert S. Rishton, Dan Morgan and Judy Morgan d/b/a Morgan's, American Honda Motor Corp., American Honda Motorco, Ltd., Honda Research and Design, Honda Research of America and Arai, Inc. a/k/a Arai Helmet, U.S.A., Ltd., Defendants/Appellees.

Court of Appeals of Tennessee, Western Section, at Jackson.

July 13, 1992.

Rehearing Denied Aug. 25, 1992.

Application for Permission to Appeal Denied by Supreme Court Feb. 22, 1993.

Ronald T. Hill, Spicer, Flynn & Rudstrom, Memphis, for plaintiffs/appellants.

Steven R. Walker, Petkoff and Lancaster, Memphis, for defendant/appellee, ARAI, Inc.

William M. Jeter, Lucinda S. Murray, Glassman, Jeter, Edwards & Wade, P.C., for defendants/appellees, Bruce S. Rishton and Robert S. Rishton.

R. Dale Bay, R. Neal Mynatt, Lewis, King, Krieg & Waldrop, P.C., Nashville, for defendants/appellees, American Honda Motor Co., Inc., Honda R & D North America, Inc. and Honda Motor Co., Ltd.

Floyd Flippin, Adams, Ryal & Flippin, Humboldt, for defendants/appellees, Dan Morgan and Judy Morgan d/b/a Morgan's.

HIGHERS, Judge.

This appeal arises out of the complaint filed by Truman Masters, individually, and on behalf of his minor son, Richard Glenn (Richie) Masters, and Sue Masters, Richie's mother, for injuries arising when a Honda three-wheel vehicle being driven by Richie was involved in a collision with a vehicle being driven by defendant, Bruce S. Rishton. Plaintiffs' complaint named not only Bruce S. Rishton as a defendant, but also Bruce Rishton's father, Robert J. Rishton; Ben and Judy Morgan, the sellers of the three-wheel vehicle; American Honda Motor Corporation, Honda Motor Company, Ltd., Honda Research & Design, Honda Research of America, (collectively referred to as "Honda" defendants), the manufacturers of the three-wheel vehicle; and Arai, Inc., a/k/a Arai Helmet, U.S.A., Ltd. ("Arai"), the manufacturers of the helmet Richie was wearing when the accident occurred. Subsequent to the filing of the complaint, the trial court granted summary judgment to defendants, the Rishtons, Honda, and Arai. The plaintiffs have perfected the instant appeal claiming that the

trial court erred in granting these motions for summary judgment.

On May 7, 1987, a Honda three-wheel all terrain vehicle being driven by then thirteen-year-old Richie Masters, collided with a pick-up truck driven by then seventeen-year-old Bruce S. Rishton and owned by his father, defendant Robert J. Rishton. Richie testified in a deposition taken in this lawsuit that the head injuries he sustained in the accident left him with no memory of the manner in which the accident occurred. At the time of the accident, Masters was wearing a helmet manufactured by the Arai Company. Masters testified that because of his head injuries he is unable to remember whether he had his helmet strapped on before the accident.

The driver of the other vehicle involved in the collision, Bruce Rishton, testified that just prior to the accident he had picked up a friend to go fishing and was traveling down a gravel road near Humboldt, Tennessee. As he was approaching a curve in the road, he saw a three-wheel vehicle come around the curve on the wrong side of the road. Rishton testified that when he saw the three-wheeler coming at him on his side of the road he crossed over to the other side of the road and applied his brakes to avoid colliding with the three-wheeler. According to Rishton, the three-wheeler, after seeing his pickup truck coming down the road, also tried to get back on the correct side of the road and that when the three-wheeler did this it collided with his pickup truck which was almost completely stopped at the time of the impact. As a result of the accident, Masters flew over Rishton's truck and landed several yards behind the truck. Rishton was unable to testify as to the approximate speed he was traveling just prior to the accident or the speed the three-wheeler was going at the time of the accident.

The only witness to the accident was Jaquita Dover. At the time of the accident Ms. Dover was standing in her back yard hanging clothes on her line, approximately fifty or sixty yards from the site of the accident. The noise of the three-wheeler coming down the gravel road caught her attention and she looked up from her work to see the ATV and the pickup truck traveling down the road heading towards each other. A moment later she saw the two vehicles collide and saw Masters as he was propelled through the air over the truck. Ms. Dover testified that she does not remember seeing either vehicle make a sudden move to either side of the road just prior to the accident and that she does not remember either vehicle going excessively fast at the time of the accident, although she was unable to testify as to an approximation of the speed traveled by either vehicle. She testified that when she reached the site of the accident, Richie's helmet was off of his head, lying near him.

Richie was seriously injured in the accident. He and his parents filed a lawsuit for the damages he received in the accident against Bruce Rishton as the driver of the other vehicle; Robert Rishton, as the owner of the vehicle; Dan and Judy Morgan, the people who sold Masters the three-wheeler; various subsidiaries of the Honda Corporation as the designers and manufacturers of the three-wheeler; and Arai, Inc., the manufacturer of the helmet Masters was wearing just prior to the accident. On June 25, 1991, the trial court entered an order granting the Honda defendants' motions for summary judgment. The trial court also granted the summary judgment motion of Arai on July 9, 1991, and the motion for summary judgment of the Rishton defendants on July 16, 1991. Since the plaintiffs' claims against the Morgans had not been dismissed at that time, these judgments were not final pursuant to T.R.A.P. 3 or T.R.Civ.P. 54.02. The plaintiffs filed a notice of appeal on August 2, 1991, "from the Final Judgment entered in this action on the 9th day of July, 1991." On November 26, 1991, the trial court entered three separate amended orders granting summary judgments to all three of these defendants and making the judgments final pursuant to T.R.Civ.P. 54.02. The plaintiffs did not subsequently file a notice of appeal. In an order filed April 24, 1992, this Court granted the Honda defendants' motion to dismiss the appeal because the notice of appeal filed by the plaintiff specifically stated that they were appealing from the order entered July 9, 1991.

■ The "Amended Order Granting Motion for Summary Judgment" entered on behalf of the Rishtons on November 26, 1991, contains a certificate of service certifying that a copy of the order finalizing the judgment dismissing plaintiffs' claims against the Rishtons was served upon all parties of interest to the proceeding. In oral argument, however, counsel for the Rishtons conceded that this order was never actually served upon the plaintiffs. T.R.Civ.P. 58 provides that a judgment becomes final upon its filing with the Clerk after being signed by the judge. The Rule further provides that the judgment is not final unless it bears the signature of the judge "and either: (1) the signatures of all parties or their counsel or (2) a certificate of counsel or the Clerk that copies of the judgment or action of the court have been served on all parties or counsel of record." The purpose of this Rule is to insure that a party is aware of the existence of a final, appealable judgment in a lawsuit in which he is involved. We believe that under the rationale for Rule 58, a judgment which is not actually served on a party within a reasonable time after it has been filed, even though it contains a certificate of service, is not a final appealable judgment. Accordingly, we hold that the judgment entered on November 26, 1991, purporting to dismiss the claims against the Rishtons has never become a final judgment and therefore the plaintiffs' appeal of the judgment dismissing the claims against the Rishtons must be dismissed on the ground that there is no final judgment against the Rishtons from which an appeal may lie.

The plaintiffs argue that the trial court erred in granting Arai's motion for summary judgment because there is a genuine issue of material fact with regard to Arai's liability for Richie Masters' injuries arising out of the accident. In support of this, the plaintiffs argue since they have produced evidence which shows that Richie Masters' helmet was not on his head immediately following the accident, there exists a genuine issue as to whether Arai is liable because the helmet did not perform as intended.

■ It is well settled that the party moving for summary judgment has the burden of demonstrating that no genuine issue of material fact exists and that he is entitled to a judgment as a matter of law. *Jones v. Home Indemnity Ins. Co.,* 651 S.W.2d 213, 214 (Tenn.1983); *Taylor v. Nashville Banner Publishing Co.,* 573 S.W.2d 476, 480 (Tenn. App.1978). When presented with a motion for summary judgment, the trial court and this Court must view the evidence in the light most favorable to the non-moving party and, if any material factual dispute exists, must deny the motion. *Jones,* 651 S.W.2d at 214.

■ While the moving party has the burden of demonstrating that no factual dispute exists, under T.R.Civ.P. 56.05,

> [w]hen a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him.

This language has been interpreted to mean that once a motion for summary judgment has been made and properly supported, the non-moving party must affirmatively demonstrate, using the discovery materials listed in T.R.Civ.P. 56.03, that there are sufficient factual disputes to warrant a trial. *Fowler v. Happy Goodman Family,* 575 S.W.2d 496, 498 (Tenn.1978). Thus, when the moving party has made a properly supported motion for summary judgment, the burden of production of evidence shifts to the non-moving party to produce evidence which would establish a genuine factual dispute.

■ In order for the burden of production to shift to the non-moving party, the moving party must affirmatively demonstrate that no material factual dispute exists and that it is entitled to judgment as a matter of law. A moving party may demonstrate an entitlement to a judgment as a matter of law in several ways. First, it may affirmatively negate an essential element of the non-moving party's claim. Second, it may conclusively establish an affirmative defense that defeats the non-moving party's claim. The

moving party may also demonstrate that it is entitled to a judgment as a matter of law by showing that the non-moving party cannot establish an essential element of its case. *See* 10A C. Wright, A. Miller & M. Kane, *Federal Practice and Procedure* § 2727, at 130–31 (2d ed. 1983); Martin B. Lewis, *Federal Summary Judgment Doctrine: A Critical Analysis,* 83 Yale L.J. 745, 750 (1974).

■ In the instant case, Arai moved for summary judgment on the grounds that the plaintiffs were unable to establish the essential elements of the claims brought against it. The plaintiffs' complaint alleges that Arai is liable to the plaintiffs under three theories of products liability. One of the grounds alleged in plaintiffs' complaint is that Arai is liable for Richie Masters' injuries because it was negligent in manufacturing the helmet Richie was wearing. In response to Arai's motion for summary judgment, the plaintiffs have been unable to produce any evidence which would show that Arai was negligent in manufacturing the helmet.

■ The plaintiffs' complaint also alleges that Arai is liable because of both expressed and implied warranties made by Arai with respect to the safety of the helmet. In their motion for summary judgment, Arai points to the fact that the helmet which Richie Masters was wearing at the time of the accident had been borrowed from Ted Dover, the father of a friend of his. Furthermore, in support of its motion, Arai points to testimony from the depositions of Richie Masters and his parents, Truman and Martha Sue Masters, which establishes that they had not heard of Arai or Arai's helmets prior to the time of the accident, had never seen any advertisement for the helmet and had never heard any representations made about the safety of the helmet. We believe that in light of this unrefuted testimony, Arai has shown that the plaintiffs would be unable to make out a claim against it for the breach of any expressed warranties and therefore the defendant was entitled to summary judgment on this issue as a matter of law.

■ Similarly, the trial court correctly found that Arai is entitled to summary judgment on plaintiffs' claims under an implied warranty theory and under a strict liability theory. In order for the plaintiffs to prevail on a claim that Arai breached an implied warranty of fitness for a particular purpose or an implied warranty of merchantability, the plaintiffs are required to put on proof that the product in question was somehow defective or not fit for the purpose for which it was sold. *Cardwell v. Hackett,* 579 S.W.2d 186 (Tenn.App.1978). Likewise, in order to prevail on a strict liability theory, the plaintiffs are required to put on proof that the product which allegedly caused his injuries was "in a defective condition or unreasonably dangerous at the time it left the control of manufacturer or seller." T.C.A. § 29–28–105.

The only proof tendered by the plaintiffs in the instant case to establish that the helmet was in any way defective is the evidence indicating that the helmet was not on Richie Masters' head immediately following the accident. The plaintiffs have proffered no proof which would establish that the helmet was defectively designed or manufactured. The plaintiffs furthermore have no proof which would establish that the helmet, which Richie Masters borrowed from his friend's father, was properly fitted to Richie Masters' head or that Richie Masters was properly using the helmet at the time of the accident. In fact, Richie Masters was unable to testify in his deposition whether the helmet was strapped on at the time of the accident. We find that the plaintiffs' inability to put on proof which would show that there was a defect in the helmet which caused it to come off of Richie Masters' head during the accident forecloses all claims by the plaintiffs against Arai under either an implied warranty or strict liability theory of recovery.

■ The plaintiffs contend that since Richie Masters is unable to remember the events surrounding the accident because of the head trauma he received in the accident, a presumption arises that he was exercising due care at the time of the accident. In support of this the plaintiffs rely on *Oder v. Parks,* 34 Tenn.App. 303, 237 S.W.2d 571 (1948). In *Oder,* the court stated that where there is a loss of memory which renders the survivor of an accident incapable of testifying as to the accident and the loss of memory is

shown to be attributable to the accident, a presumption arises, in the absence of evidence to the contrary, that the survivor was exercising due care at the time of the accident. *Id.* at 576. The court, however, goes on to state that this rule "is subject to the equally firm rule that such presumption cannot be used to create an inference of negligence on the part of the defendant." *Id.* See also *Keith v. Keith,* 741 S.W.2d 911 (Tenn.App.1987). Furthermore, in *Seahorn v. Karr,* 35 Tenn.App. 38, 242 S.W.2d 331, 334 (1951), the court stated that the presumption of due care created in this situation cannot be used as evidence of the defendant's negligence nor does it shift the burden of proof to the defendant or authorize the jury to speculate as to the cause of the injuries. As applied to the instant case, therefore, there is a presumption that Richie Masters was exercising due care at the time of the accident, but this presumption cannot be used as evidence to establish that the helmet was defective. Thus, the defendants have shown that the plaintiffs are unable to establish liability either under the breach of implied warranty or strict liability theories. Accordingly, we hold that since the plaintiffs have been unable to put forth any admissible evidence to show that Arai can be held liable for Richie Masters' injuries under any of the theories they have alleged in their complaint, the trial court properly granted Arai's motion for summary judgment.

Finally, the plaintiffs argue that summary judgment was improper in this case because the trial court should have granted them additional time to conduct further discovery. Decisions with regard to discovery matters, including the amount of time given to parties to conduct their discovery, is vested in the sound discretion of the trial court. *Price v. Mercury Supply Co., Inc.,* 682 S.W.2d 924 (Tenn.App.1984). After carefully reviewing the record in this case, we find no evidence that the trial court abused its discretion in not granting the plaintiffs more time to conduct additional discovery. The record indicates that the complaint in this case was filed on May 9, 1988. Arai filed its motion for summary judgment on June 6, 1990. The defendants' summary judgment motion was first heard on March 4, 1991, and at that hearing the trial court gave the plaintiffs an additional ninety days with which to gather factual proof regarding their claims against Arai. On July 9, 1991, the trial court granted Arai's motion for summary judgment finding that there was no evidence that the helmet was either defective or unreasonably dangerous. In light of this, we find that the trial court gave the plaintiffs ample time to conduct discovery to obtain facts to support their allegations, and therefore, there was no error by the trial court in denying the plaintiffs additional time to conduct their discovery.

For the reasons stated above, the judgment of the trial court granting summary judgment for Arai is affirmed. We hold that the summary judgment in favor of the Rishtons is a non-final order, and therefore is not properly before this Court on appeal. Costs are taxed to the plaintiffs.

TOMLIN, P.J. (W.S.), and FARMER, J., concur.