IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
October 27, 2009 Session

## NATHAN E. STEPPACH, JR. v. WILLIAM H. THOMAS, JR., CITY OF MEMPHIS, ET AL.

Direct Appeal from the Chancery Court for Shelby County
No. CH-06-0714-3     Kenny W. Armstrong, Chancellor

No. W2008-02549-COA-R3-CV - Filed November 17, 2009

This case arises from the grant of a writ of certiorari by the Shelby County Chancery Court. Upon review of the Memphis City Council's record, the court affirmed the Council's action in approving a planned development and companion street closure. We conclude that the order appealed lacks finality due to the failure to comply with Tenn. R. Civ. P. 58. Consequently, we dismiss this appeal for lack of subject-matter jurisdiction.

**Tenn. R. App. P. 3. Appeal as of Right; Appeal Dismissed and Remanded**

J. STEVEN STAFFORD, J., delivered the opinion of the court, in which DAVID R. FARMER, J., and HOLLY M. KIRBY, J., joined.

David Wade and J. Lewis Wardlaw, Memphis, Tennessee, for the Appellant, Nathan E. Steppach, Jr.

William H. Thomas, Jr., Memphis, Tennessee, pro se.

Allan J. Wade and Brandy S. Parrish, Memphis, Tennessee, for the Appellees, City of Memphis and Memphis City Council.

## OPINION

On February 21, 2006, the Memphis City Council (together with the City of Memphis, "City Defendants, " or "Appellees") considered companion Agenda Items 37 and 38 concerning a planned development located on the northwest corner of Poplar Avenue and Reddoch Street (the "Planned Development"), and a street closure at the northern Reddoch-Poplar intersection (the "Street Closure"). At that time, the subject property was owned by William H. Thomas, Jr. The Planned Development would allow the developer to build an office building, which would include a bank. The Street Closure would close Reddoch Street to through traffic at Poplar Avenue. After discussion, which included the Office of Planning and Development's recommendation that the applications be rejected because they allegedly failed to meet the Subdivision Regulation

requirements, the Council voted 12-0 to approve the Planned Development, and voted 9-2 to approve the companion Street Closure. On April 10, 2006, Appellant Nathan E. Steppach, Jr. challenged the action of the City Council by filing a Petition for Writ of Certiorari and Injunctive Relief in the Shelby County Chancery Court. According to his petition, Mr. Steppach is the owner of real property, which "is in close proximity to the site of the proposed planned development."

On April 13, 2006, Mr. Thomas transferred the subject property to First Capital Bank. Following the transfer, Mr. Steppach was allowed to amend his petition to include First Capital Bank as a defendant. By his petition, Mr. Steppach asked the court to: (1) issue a writ of certiorari, (2) find that the Council's approval of the Planned Development was fraudulent, corrupt, and/or illegal, (3) declare the Street Closure null and void, and (4) enjoin Mr. Thomas and First Capital from violating the subdivision's restrictive covenants.

On July 16, 2006, the City Defendants moved for summary judgment on grounds that the actions of the City Council were not arbitrary or capricious, but were allegedly within the broad discretionary authority vested in the Council by the Charter of the City of Memphis. On July 20, 2006, the court entered a Consent Pretrial Order, which states that "all matters unrelated to the final decisions of the Memphis City Council appealed from in the petition [i.e., the issue of whether the Planned Development violates the restrictive covenants] shall be tried separately."

On August 1, 2006, Mr. Thomas filed a motion to dismiss for failure to state a claim upon which relief may be granted. Specifically, Mr. Thomas argued that, because he had sold the subject property to First Capital, he was no longer a necessary party to the lawsuit. Mr. Steppach opposed both the City Defendant's motion for summary judgment, and Mr. Thomas' motion to dismiss.

The City Defendant's motion for summary judgment was heard on May 9, 2007. On May 30, 2007, the court entered an Order, granting the motion in part, and denying it in part. Specifically, the court held that "the City's Motion...regarding Reddoch Street Planned Development...is granted and the City's motion...regarding the Reddoch Street Closure...is...denied and shall stand trial...." Mr. Thomas' motion to dismiss was heard on June 29, 2007. By Order of July 12, 2007, the trial court granted Mr. Thomas' motion, thereby dismissing him from the lawsuit.

On September 23, 2008, the issues remaining in Mr. Steppach's petition for writ of certiorari were heard. At this point, the trial court had ruled on the Council's action regarding the Planned Development, and had granted summary judgment in favor of the Council. The court had dismissed Mr. Thomas from the lawsuit, and had specifically reserved the issue of the restrictive covenants for separate hearing. Consequently, the sole issues for hearing on September 23, 2008 were the writ of certiorari, and the Street Closure. On October 9, 2008, the court entered its "Final Decree Denying Plaintiff's Petition for Writ of Certiorari." Therein, the court finds that Mr. Steppach failed to establish that the Council acted illegally or arbitrarily in reaching its decision to close Reddoch Street. Although the trial court states that it "denies the Plaintiff's Petition for Writ of Certiorari," it is obvious from the record that the court, in fact, issued the writ of certiorari because the record of the Council's action was brought up for review. A common law writ of certiorari simply

commands an "inferior tribunal or administrative agency to send the record made before the agency in the proceeding to the court for review...." ***Gore v. Tenn. Dep't of Corr.***, 132 S.W .3d 369, 375 (Tenn.Ct.App.2003). Once the administrative record has been filed, "the reviewing court may proceed to determine whether the petitioner is entitled to relief without any further motions, and if the court chooses, without a hearing." ***Jackson v. Tenn. Dep't of Corr.***, No. W2005-02240-COA-R3-CV, 2006 WL 1547859, at *3 (Tenn. Ct.App. June 8, 2006). Because the issue of the restrictive covenants was still pending, the trial court included Tenn. R. Civ. P. 54.02 language in its October 9, 2008 Order. Specifically, the court states:

> 3. The Court hereby directs, pursuant to Rule 54.02 of the Tennessee Rules of Civil Procedure, the entry of a final decree as to the Plaintiff's Petition for Writ of Certiorari with respect to the Council's resolutions approving the Reddoch Street Planned Development...and the Reddoch Street Closure...and expressly determines that there is no just reason for delay in the entry of such final decree, since the Court in a Consent Order dated July 20, 2006, as permitted by Rule 42.02 of the Tennessee Rules of Civil Procedure, that all matters unrelated to the final decisions of the City Council be tried separately from one another. All remaining issues unrelated to the final decision of the Memphis City Council will be set for trial at a date and time convenient to the Court and the remaining parties.

Mr. Steppach appeals and raises five issues for review as stated in his brief:

> 1. The trial court erred in finding that Steppach failed to prove that the City Council acted illegally or arbitrarily in reaching its decision to close Reddoch Street.
>
> 2. The trial court erred in finding that the City of Memphis Street Closure Regulations did not prohibit the City Council from considering the Reddoch Street Closure application despite the failure of the applicant to obtain the signatures of the abutting property owners and those property owners with frontage on Reddoch Street.
>
> 3. The trial court erred in finding that the Harry Dermon Trust was not an abutting property owner. The Land Use Control Board's belief that the Harry Dermon Trust was an abutting property owner was erroneous. The belief of the Land Use Control Board and the Office of Planning [and] Development that the Harry Dermon Trust was an abutting property owner provides no legal basis to overturn the City Council's decision to close Reddoch Street. It was not critical or central to the City Council's decision to close the street whether or not Harry Dermon Trust owned an interest in Reddoch Street.

4. The trial court erred in granting William H. Thomas, Jr.'s motion to dismiss.

5. The trial court erred in finding that, absent proof that they improperly influenced the votes of other members of the City Council, the actions of Councilmen Ford and Peete did not taint the entire February 21, 2006 City Council vote, and, therefore, City Defendants' Motion for Summary Judgment on the Planned Development was properly granted.

After the appeal had been filed, on June 15, 2009, Mr. Thomas filed a motion to dismiss Mr. Steppach's appeal of the July 13, 2007 order dismissing Mr. Thomas from the lawsuit on grounds that the July 13, 2007 order was not final and appealable. By Order of June 29, 2009, this Court declined to rule on Mr. Thomas' motion, reasoning that "this appeal has been fully briefed and is now ready to be placed on the Court's oral argument docket. Accordingly, the Court hereby declines to rule on the motion at this time, but will continue to take the motion under advisement." Consequently, before reaching the issues in this case, we first address the question of whether the order appealed is final.[1]

Under Rule 3(a) of the Tennessee Rules of Appellate Procedure, the availability of an appeal as of right in civil actions requires, first, that a final judgment be entered by a trial court. Tenn. R. App. P. 3(a) specifically provides that:

> In civil actions every final judgment entered by a trial court from which an appeal lies to the Supreme Court or Court of Appeals is appealable as of right. Except as otherwise permitted in rule 9 and in Rule 54.02 Tennessee Rules of Civil Procedure, if multiple parties or multiple claims for relief are involved in an action, any order that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties is not enforceable or appealable and is subject to revision at any time before entry of a final judgment adjudicating all the claims, rights, and liabilities of all parties.[2]

---

[1] Under Rule 13(b) of the Tennessee Rules of Appellate Procedure, this Court must determine "whether the trial and appellate court have jurisdiction over the subject matter, whether or not presented for review."

[2] The exception as presented under Rule 54.02, Tennessee Rules of Civil Procedure reads:

> When more than one claim for relief is present in an action, whether as a claim, counterclaim, cross-claim, or third party claim, or when multiple parties are involved, the court, whether at law or in equity, may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment. In the absence of such determination and

(continued...)

Rule 58 of the Tennessee Rules of Civil Procedure governs the effectiveness of the entry of final judgments and provides in pertinent part as follows:

> Entry of a judgment or an order of final disposition is effective when a judgment containing one of the following is marked on the face by the clerk as filed for entry:
>
> (1) the signatures of the judge and all parties or counsel, or
>
> (2) the signatures of the judge and one party or counsel with a certificate of counsel that a copy of the proposed order has been served on all other parties or counsel, or
>
> (3) the signature of the judge and a certificate of the clerk that a copy has been served on all other parties or counsel.

"The purpose of [Tenn. R. Civ. P. 58] is to insure that a party is aware of the existence of a final, appealable judgment in a lawsuit in which he [or she] is involved." *Masters ex rel. Masters v. Rishton*, 863 S.W.2d 702, 705 (Tenn. Ct. App.1992); *see also* Tenn. R. Civ. P. 58, advisory comm'n cmt. (stating that Rule 58 "is designed to make uniform across the State the procedure for the entry of judgment and to make certain the effective date of the judgment"). Compliance with Rule 58 is mandatory, *State ex rel. Taylor v. Taylor*, No. W2004-02589-COA-R3-JV, 2006 WL 618291, at *2 (Tenn. Ct. App. Mar. 13, 2006) (quoting *Gordon v. Gordon*, No. 03A01-9702-CV-00054, 1997 WL 304114, at *1 (Tenn. Ct. App. June 5, 1997)), and "[t]he failure to adhere to the requirements set forth in Rule 58 prevents a court's order or judgment from becoming effective." *Blackburn v. Blackburn*, 270 S.W.3d 42, 49 (Tenn. 2008) (citing *DeLong v. Vanderbilt Univ.*, 186 S.W.3d 506, 509 (Tenn. Ct. App. 2005)). This means that an order that does not comply with Rule 58 "is not a final judgment and is ineffective as the basis for any action for which a final judgment is a condition precedent." *Citizens Bank of Blount County v. Myers*, No. 03A01-9111-CH-422, 1992 WL 60883, at *3 (Tenn. Ct. App. Mar. 30, 1992) (holding that an execution and garnishment was improper when based on a judgment that did not comply with Rule 58); *see also State ex rel. Taylor*, No. W2004-02589-COA-R3-JV, 2006 WL 618291, *3 (Tenn. Ct. App. March 13, 2006)(dismissing the appeal for lack of a final order when the order appealed from did not comply with Rule 58). Accordingly, if the order appealed is not a final judgment, this Court does not have subject matter jurisdiction to adjudicate the appeal. *In re Estate of Henderson*, 121 S.W.3d 643, 645 (Tenn.2003).

---

[2](...continued)

> direction, any order or other form of decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of the judgment adjudicating all the claims and the rights and liabilities of all the parties.

It is undisputed that neither the May 30, 2007 order granting partial summary judgment to the City Defendants, nor the July 12, 2007 order granting Mr. Thomas' motion to dismiss were final. Specifically, neither order adjudicates all the issues, and neither contains Tenn. R. Civ. P. 54.02 language. Consequently, these two orders could only become final and appealable by entry of an order that comports with Tenn. R. Civ. P. 58, and adjudicates the remaining issues and parties or contains Tenn. R. Civ. P. 54.02 language. The October 9, 2008 Order, although it does not adjudicate the restrictive covenant issue, purports to be a final order by inclusion of Tenn. R. Civ. P. 54.02 language. Inclusion of Tenn. R. Civ. P. 54.02 language, however, will not negate failure to comply with Tenn. R. Civ. P. 58 concerning the effectiveness of the final order.

Turning to the October 9, 2008 Order, we find that it is signed by the Chancellor, and by counsel for Mr. Steppach, the City Defendants, and First Capital Bank. In the Certificate of Service, Allan J. Wade, attorney for the City Defendants states that:

> [A] true and exact copy of the foregoing has been mailed...to David Wade, Esq. and J. Lewis Wardlaw, Esq. [attorneys for Mr. Steppach]...; and Lang Wiseman, Esq. [attorney for First Capital Bank]....

However, there is no indication that Mr. Thomas received notice of the entry of this Order. Because the purpose of Tenn. R. Civ. P. 58 is to insure that a party is aware of the existence of a final, appealable judgment in a lawsuit in which he [or she] is involved," *Masters ex rel. Masters v. Rishton*, 863 S.W.2d 702, 705 (Tenn.Ct.App.1992), Mr. Thomas was entitled to notice that the October 9, 2008 Order had been entered as this was the Order by which the July 12, 2007 Order dismissing Mr. Thomas from the lawsuit would have became final and appealable. On its face, therefore, the October 9, 2008 Order fails to comply with Tenn. R. Civ. P. 58. Specifically, in the absence of Mr. Thomas' signature (Tenn. R. Civ. P. 58(1)) or a certificate of service indicating that a copy of the order was sent to Mr. Thomas (Tenn. R. Civ. P. 58(2)), or a certification from the clerk that a copy was sent to Mr. Thomas (Tenn. R. Civ. P. 58(3)), we conclude that the October 9, 2008 Order fails to comply with the mandatory requirements of Tenn. R. Civ. P. 58. Therefore, the October 9, 2008 Order is not effective to confer subject-matter jurisdiction on this Court and we must dismiss the appeal.

For the foregoing reasons, we dismiss the appeal. Costs of this appeal are assessed to the Appellant, Nathan E. Steppach, Jr. and his surety.

_____

J. STEVEN STAFFORD, J.