# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
### Assigned on Briefs September 9, 2009

## STATE OF TENNESSEE v. HECTOR DIAZ PENA IN RE: AARON BONDING COMPANY, T BONDING COMPANY & AROUND THE CLOCK BONDING COMPANY, LLC

**Direct Appeal from the Criminal Court for Davidson County**
**No. 2007-C-2427      Steve R. Dozier, Judge**

**No. M2008-01271-CCA-R3-CD - Filed April 22, 2010**

NORMA MCGEE OGLE, J., dissenting.

I respectfully disagree with the majority's conclusion that this appeal should be dismissed. The record on appeal includes the court's minutes for April 30, 2008. The minutes reflect that on October 4, 2007, judgment nisi was taken against the defendant and that a scire facias was issued and served. According to the minutes, a final judgment was entered against the defendant and his sureties in the amount of $75, 000 "the penalty of the defendant's appearance bond, for which execution will issue, together with the costs of this prosecution."

The majority concludes that dismissal is appropriate because the record does not include a final judgment in compliance with Tennessee Rule of Civil Procedure 58. As support for its position, the majority cites State v. Donald Edward Lynch, In re: X-Cell Bonding Co., No. E2005-01362-CCA-R3-CD, 2006 WL 3102348 (Tenn. Crim. App. at Knoxville, Nov. 2, 2006) and State v. Howard C. Covington, In re: Memphis Bonding Co., No. W2001-01575-CCA-R3-CD, 2002 WL 1592704 (Tenn. Crim. App. at Jackson, July 16, 2002). In my view, the cases cited by the majority are distinguishable from the instant case. In Lynch, this court dismissed the appeal, concluding that the record did not contain a judgment in compliance with Rule 58. Lynch, No. W2001-01575-CCA-R3-CD, 2002 WL 1592704, at *1. The court noted that the minutes included in the record on appeal reflected that a hearing was held on the surety's motion to extend time to bring the defendant in. Id. The trial court denied the motion and ordered final forfeiture. Id. However, the minutes did not reflect the amount of the forfeiture. Id. This court noted that "'[t]he purpose of [Tennessee Rule of Civil Procedure 58] is to insure that a party is aware of the existence of a final, appealable judgment in a lawsuit in which he is involved.'" Id. (quoting Masters ex

rel. Masters v. Rishton, 863 S.W.2d 702, 705 (Tenn. Ct. App. 1992)). This court further noted that "'[Tennessee Rule of Civil Procedure] 58 reflects the principle that a court speaks only through its written judgments, duly entered upon its minutes; therefore, no oral pronouncement is of any effect unless and until made a part of a written judgment duly entered.'" Id. (quoting Environmental Abatement, Inc. v. Astrum R.E. Corp., 27 S.W.3d 530, 536 (Tenn. Ct. App. 2000)).

In Covington, the appeal was dismissed because the documents contained in the record did not "have the character of final judgments," and the record did not contain "any order of final forfeiture or other entry of monetary judgment against Memphis Bonding." Covington, No. W2001-01575-CCA-R3-CD, 2002 WL 1592704, at *2. As in Lynch, this court concluded the documents did not constitute a final judgment as required by Rule 3 of the Tennessee Rules of Appellate Procedure. Id.

Conversely, in the instant case, the court minutes are styled in the nature of an order. The minutes set out the procedural history, which is in compliance with Tennessee Code Annotated section 40-11-139; the amount of the forfeiture; provides for execution; and assesses court costs. I would conclude, as did a panel of this court in State v. Jose E. Bejar, In re: Liberty Bonding Co., No. W2008-01369-CCA-R3-CD, 2010 WL 844769, at *2,(Tenn. Crim. App. at Jackson, Mar. 10, 2010), that "the absence of a written order is not fatal when the record contains a minute entry disposing of the matter." (citing State v. March, 293 S.W.3d 576, 581 (Tenn. Crim. App. 2008)); see also State v. Byington, 284 S.W.3d 220, 226 (Tenn. 2009).

_____
NORMA McGEE OGLE, JUDGE