FILED

06/13/2017

Clerk of the
Appellate Courts

IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
January 26, 2017 Session

## KNOX COUNTY, TENNESSEE ET AL. V. DELINQUENT TAXPAYERS ET AL.

**Appeal from the Chancery Court for Knox County**
**No. 187088-1     John F. Weaver, Chancellor**

_____

**No. E2016-01750-COA-R3-CV**

_____

This case involves an attempt by Omer G. Kennedy and Angela Helms (landowners) to exercise their right of redemption with respect to their property sold at a delinquent tax sale. Jon Johnson (tax sale purchaser) bought the property on January 13, 2015. Within the one-year redemption period, landowners paid $37,892.81, the amount they thought was required to redeem the property. Tax sale purchaser filed a motion for additional funds, consisting of payments he had made for insurance on the property and interest, under Tenn. Code Ann. § 67-5-2701 (Supp. 2016). The trial court granted the motion in an order entered January 11, 2016. The order gave landowners 30 days to pay the additional amount. Because notice of the order was not sent to their last known address, landowners did not receive the notice until after the 30 days had passed. They paid the additional amount of $5,869.43 on February 18, 2016. Tax sale purchaser moved the court to deny the redemption, arguing that the payment was not timely. The trial court denied the motion, holding that its order of January 11, 2016, was void because it was not effectively entered under Tenn. R. Civ. P. 58. and not effectively served under Tenn. R. Civ. P. 5. Alternatively, the trial court ruled that landowners were entitled to relief for excusable neglect under Tenn. R. Civ. P. 60. Tax sale purchaser appeals. We affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court
Affirmed; Case Remanded**

CHARLES D. SUSANO, JR., J., delivered the opinion of the court, in which D. MICHAEL SWINEY, C.J., and JOHN W. MCCLARTY, J., joined.

Sheila B. Stevenson, Nashville, Tennessee, for appellant, Jon Johnson.

Albert J. Harb, Knoxville, Tennessee, for appellees, Omer G. Kennedy and Angela Helms.

**OPINION**

**I.**

The property is a three-acre tract located at 2720 Thorngrove Pike, in an industrial area of East Knoxville. Landowners use the property to run their business, Metro Trailer Repair. Their daughter and business manager, Melissa Kennedy, testified that, although there is a mailbox at the property, they use a P.O. Box exclusively for their business operations, and had done so for at least 21 years. She said that the mailbox at 2720 Thorngrove Pike had been frequently vandalized and that the only mail that arrived there consisted of advertisements and other junk mail.

This case was initiated on March 10, 2014, when Knox County filed a complaint for collection of delinquent property taxes. The property was among those listed as subject to a tax lien for delinquent payment of taxes. Attached to the complaint was an exhibit, which contained, among other things, a description of the property. There are two mailing addresses of record listed: P.O. Box 6702 in Knoxville, and 3835 Admiralty Lane, also in Knoxville. The record reflects that Knox County sent tax notices regarding the property to P.O. Box 6702.

The tax sale took place on January 13, 2015. The trial court entered an order on February 13, 2015 confirming the sale and vesting the property in the tax sale purchaser, subject to the one-year right of redemption. On November 2, 2015, landowners filed a motion to redeem the property. They paid into court the purchase price of the tax sale plus interest, an amount totaling $37,892.81. Tax sale purchaser filed a motion for additional funds, pursuant to Tenn. Code Ann. § 67-5-2701, which at that time had been recently amended[1] to provide, in pertinent part, as follows:

> (d) The purchaser may within thirty (30) days after the mailing of the notice of redemption, file a response seeking additional funds to be paid by the proposed redeemer to compensate the purchaser for amounts expended by the purchaser for the purposes set out in subsection (e). . . . If no response is timely filed, the court shall determine whether the redemption has been properly made, and if so, shall cause an order to be entered requiring the proposed redeemer to pay additional interest at the rate set forth in subsection (b),

---

[1] The amendment, which became effective July 1, 2014, rewrote section 2701 to provide, among other things, for a higher interest rate. *See* 2014 Tenn. Pub. Acts Ch. 883.

accruing from the date the motion to redeem was filed until the date of such payment.

(e) Additional sums to be paid by the proposed redeemer at the demand of the purchaser, shall include the following:

\* \* \*

(2) Reasonable payments made by the purchaser for insurance on the parcel and any improvements thereon;

\* \* \*

and

(6) Additional interest at the rate set out in subsection (b), accruing from the date the motion to redeem was filed until the date the purchaser's response was filed.

Tax sale purchaser sought additional interest and reimbursement for the cost of insurance on the property. A hearing took place on December 10, 2015. The business manager, Kennedy, was present as a non-attorney representative of landowners. The trial court granted tax sale purchaser's motion for additional funds. Kennedy testified that at the conclusion of the hearing, she requested the attorney for tax sale purchaser, and the trial court clerk, to mail a copy of the trial court's order to the landowners' address of record at P.O. Box 6702.

On January 11, 2016, the trial court entered the order of redemption requiring landowners to pay an additional $5,869.81 to complete their redemption of the property. The order provided that "[i]f the funds are not paid to the Clerk and Master within thirty (30) days of entry of this Order, the Motion to Redeem shall be denied," citing the time limitations mandated by Tenn. Code Ann. § 67-5-2701(f)-(h). The certificate of service states that counsel for tax sale purchaser mailed a copy of the order to 2720 Thorngrove Pike, the property address. On February 17, 2016, some thirty-seven days after the entry of the order of January 11, 2016, the trial court clerk, Becky Perry, called Kennedy. According to Kennedy's affidavit, Perry called to tell her "that the time had expired to pay the additional amounts, but we should get the money down to the court as quickly as possible." The next day, landowners tendered a cashier's check in the amount of $5,869.81 to Perry, which she accepted.

On February 18, 2016, tax sale purchaser filed a "motion to deny redemption by taxpayers," arguing that the payments were not timely filed, thereby, in effect, voiding the redemption. Landowners opposed the motion on the ground that they did not receive notice of the trial court's January 11, 2016, order until after the 30 days had passed. The trial court held a hearing on July 12, 2016, at which Kennedy and Perry testified. Perry stated that she remembered a request on landowners' behalf to mail a copy of the order to their P.O. Box, but she could not remember the address to which she actually mailed the copy. The trial court found that P.O. Box 6702 was "not just the last known address. It's the first known address. It's in the complaint." The court further noted landowners' evidence that they requested the order be sent to the P.O. Box. This evidence was unrebutted. In its final judgment entered August 5, 2016, the trial court ruled as follows:

> The order of this Court dated January 11, 2016 was not effectively served under Rule 5 of the Tennessee Rules of Civil Procedure and not effectively entered under Rule 58 of the Tennessee Rules of Civil Procedure.
>
> Pursuant to Rule 60, [landowners] are entitled to relief from the order dated January 11, 2016 and the order of January 11, 2016 is hereby set aside and that said order is void.
>
> A new order shall be submitted to the Court for entry as to the hearing held on December 10, 2015. The order shall reflect that the property owners, Omer G. Kennedy and Angela Helms, have paid the sum of $5,869.43 in satisfaction of the tax sale purchaser's additional funds necessary for redemption.

(Numbering in original omitted.) Tax sale purchaser timely filed a notice of appeal.

## II.

The issue presented is whether the trial court erred in setting aside and voiding its January 11, 2016, order because it was not effectively served under Tenn. R. Civ. P. 5 and not effectively entered under Tenn. R. Civ. P. 58.

## III.

When, as here, the trial court sits without a jury, we review the trial court's findings of fact in the record with a presumption of correctness, and we will not overturn those factual findings unless the evidence preponderates against them. Tenn. R. App. P.

13(d); ***Armbrister v. Armbrister,*** 414 S.W.3d 685, 692 (Tenn. 2013).  We review a trial court's conclusions of law under a de novo standard with no presumption of correctness attaching to the trial court's legal conclusions.  ***Campbell v. Florida Steel Corp.,*** 919 S.W.2d 26, 35 (Tenn. 1996); ***Union Carbide Corp. v. Huddleston,*** 854 S.W.2d 87, 91 (Tenn. 1993).

## IV.

Tenn. R. Civ. P 58 contains the following prerequisites for the entry of a judgment to be effective:

> Entry of a judgment or an order of final disposition is effective when a judgment containing one of the following is marked on the face by the clerk as filed for entry:
>
> (1) the signatures of the judge and all parties or counsel, or
>
> (2) the signatures of the judge and one party or counsel with a certificate of counsel that a copy of the proposed order has been served on all other parties or counsel, or
>
> (3) the signature of the judge and a certificate of the clerk that a copy has been served on all other parties or counsel.
>
> . . . When requested by counsel or pro se parties, the clerk shall forthwith mail or deliver a copy of the entered judgment to all parties or counsel.  If the clerk fails to forthwith mail or deliver, a party prejudiced by that failure may seek relief under Rule 60.

Rule 5.02(1) provides, as pertinent to this action, that "[s]ervice upon the attorney or upon a party shall be made by delivering to him or her a copy of the document to be served, or by mailing it to such person's last known address."

At the end of the hearing, the trial court found and held in pertinent part as follows:

> There was evidence in the case that the property owners' daughter requested that this Court's Clerk use the address that is the same address from the beginning of the case on the Tax Sale Complaint.  [T]he Clerk was requested to use the . . . property owners' post office box address, and the reasoning

- 5 -

was that they were having trouble getting their mail and they were having trouble with vandalism of the mailbox at the property address.

There was also evidence that the daughter requested the tax purchaser's attorney to use the post office address, and there was no rebuttal of that testimony. The Tax Sale Complaint in this case, as I previously mentioned, uses the post office address, and the tax statements that the County sent out for the taxes use the post office address. . . .

We don't know whether the Clerk in the case used the property address or the post office address, except we do have the evidence it was not received. The tax purchaser's attorney mailed the Order setting the excess amount to . . . the property address, not to the post office address. The evidence is unrebutted that the Order was not received, that no copy of the Order was received.

This Court is of the opinion that the Order of January 11, 2016, was not effectively served under [Rule] 5 and not effectively entered under [Rule] 58. The Court is also of the opinion that, under Rule 60, that . . . the property owners would be entitled to relief from the Order and to have the Order set aside based on excusable neglect, that the Order was void, and/or for other reasons justifying release from the operation of the Order, being that the Order was simply not received by the property owners and was not sent by the purchaser's attorney to the address requested and was sent to an address where the property owners, through their daughter, had given notice to the tax purchaser's attorney and to the Clerk of the Court that the Order might not be received, to send it to the post office address.

The evidence in the record does not preponderate against the trial court's findings that a copy of the order was not sent to the landowners' last known address, and that they did not receive a copy of the order until after their deadline had passed. Thus, the attempted service did not comport with Rule 5.02 or Rule 58.

Rule 60.02 provides a party relief "from a final judgment, order or proceeding" for reasons including "mistake, inadvertence, surprise or excusable neglect" and when "the

judgment is void." The Supreme Court has stated that "[i]n reviewing a trial court's decision to grant or deny relief pursuant to Rule 60.02, we give great deference to the trial court." *Henry v. Goins*, 104 S.W.3d 475, 479 (Tenn. 2003). Consequently, an appellate court "will not set aside the trial court's ruling unless the trial court has abused its discretion." *Id.; Discover Bank v. Morgan*, 363 S.W.3d 479, 487 (Tenn. 2012). In situations where a party has been denied notice of a critical proceeding, resulting in a judgment against the party without having had an opportunity to be heard on the matter, Tennessee appellate courts have frequently granted Rule 60.02 relief. *See, e.g.*, *Henry*, 104 S.W.3d at 480 ("When a party has no notice of a critical step in a court proceeding, the circumstances may make out a case of excusable neglect."), citing *Tenn. Dep't of Human Servs. v. Barbee*, 689 S.W.2d 863, 868 (Tenn. 1985) and *Jerkins v. McKinney*, 533 S.W.2d 275, 281 (Tenn. 1976); *Obi v. Obi*, No. M2010-00485-COA-R3-CV, 2011 WL 2150733, at *6 (Tenn. Ct. App., filed June 1, 2011), and cases cited therein. In such cases, which have frequently involved a default judgment, we have noted the potential due process implications in allowing such a judgment to stand. *Obi*, 2011 WL 2150733, at *6. The Supreme Court has recently observed that "[d]ue process protections clearly apply when the State seeks to sell a taxpayer's real property in satisfaction of a tax obligation." *Mortgage Elec. Reg. Sys., Inc. v. Ditto*, 488 S.W.3d 265, 280 (Tenn. 2015).

At the hearing on tax sale purchaser's motion to deny the redemption, the trial court asked his attorney whether Rule 60 was applicable, as argued by landowners, and counsel replied, "I think Rule 60 always applies if the Court finds that there is a mistake or inadvertence not the fault of the property owner." To the extent that Rule 60 is applicable under these circumstances, we find no abuse of discretion in the trial court's decision. It is not clear that the January 11, 2016, order that the court voided and set aside was a final judgment. "A final judgment is one that resolves all the issues in the case, leaving nothing else for the trial court to do." *In re Estate of Henderson*, 121 S.W.3d 643, 645 (Tenn. 2003), quoting *State ex rel. McAllister v. Goode*, 968 S.W.2d 834, 840 (Tenn. Ct. App. 1997) (internal quotation marks omitted). "In contrast, an order that adjudicates fewer than all of the claims, rights, or liabilities of all the parties is not final, but is subject to revision any time before the entry of a final judgment." *Id.*, citing Tenn. R. App. P. 3(a). In this case, the final outcome of the action was contingent upon the landowners' timely compliance with the trial court's order to pay additional funds. The issue of whether the redemption would be successful remained unresolved after the entry of the January 11 order. Moreover, the trial court heard, considered, and resolved tax sale purchaser's motion to deny the redemption, after more than 30 days had elapsed from the January 11 order. We have observed several times that "under the rationale for Rule 58, a judgment which is not actually served on a party within a reasonable time after it has been filed, even though it contains a certificate of service, is not a final appealable judgment." *Masters ex rel Masters v. Rishton*, 863 S.W.2d 702, 705 (Tenn. Ct. App. 1992); *accord Grantham v. Tenn. State Bd. of Equalization*, 794 S.W.2d 751, 752

(Tenn. Ct. App. 1990); ***Citizens Bank of Blount Cnty. v. Myers***, No. 03A01-9111-CH-422, 1992 WL 60883, at \*3 (Tenn. Ct. App., filed Mar. 30, 1992). The Supreme Court has held that "[t]he failure to adhere to the requirements set forth in Rule 58 prevents a court's order or judgment from becoming effective." ***Blackburn v. Blackburn***, 270 S.W.3d 42, 49 (Tenn. 2008).

Consequently, we believe that the trial court correctly acted, and we affirm its decision,[2] under the well-established principle that "Courts have always had the authority to modify, alter, amend or revoke judgments and decrees before they become final." ***Jerkins v. McKinney***, 533 S.W.2d 275, 280 (Tenn. 1976); *see also **Newport Housing Auth. v. Hartsell***, 533 S.W.2d 317, 320 (Tenn. Ct. App. 1975); ***In re Taylor B.W.***, 397 S.W.3d 105, 112 (Tenn. 2013); ***Acosta v. Acosta***, 499 S.W.3d 785, 789 (Tenn. Ct. App. 2016). The trial court acted within its authority and discretion in deciding to set aside as void its order entered January 11, 2016, on grounds that it "was not effectively served under Rule 5 of the Tennessee Rules of Civil Procedure and not effectively entered under Rule 58 of the Tennessee Rules of Civil Procedure."

## V.

The judgment of the trial court is affirmed. Costs on appeal are assessed to the appellant, Jon Johnson. The case is remanded for enforcement of the trial court's judgment and for collection of costs assessed below.

_____
CHARLES D. SUSANO, JR., JUDGE

---

[2] The trial court was advised by both sides of this litigation that Rule 60 applies to this case. That rule is implicated when one is attempting to challenge a *final* order. It is not at all clear that there was a *final* order when the tax sale purchaser filed his motion to deny redemption. Whether that rule applies or not, it is clear, under Rules 58 and 5 of the Rules of Civil Procedure, that the trial court reached the correct result in this case.