IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
May 7, 2019 Session

**TERRY WALLACE v. CITY OF LEWISBURG, TENNESSEE**

**Appeal from the Circuit Court for Marshall County**
**No. 11-CV-80      M. Wyatt Burk, Judge**

_____

**No. M2018-01572-COA-R3-CV**

_____

Former employee of the City of Lewisburg brought an action pursuant to the Tennessee Human Rights Act challenging his termination. The trial court held a bench trial and, a year and a half later, entered a Memorandum Opinion and Order, finding in favor of defendant and dismissing the action. The judge who tried the case retired shortly thereafter. Five months later, the employee filed a motion under Tennessee Rule of Civil Procedure 60.02, seeking to have the order dismissing the complaint set aside on the grounds that his counsel did not receive the order dismissing the case and that, because the order did not comply with Rule 58, it was not a final order. The motion was heard by a new judge, who ruled that the order substantially complied with Rule 58 and was therefore an effective, final order. The employee appeals. Upon our review, we determine that the order dismissing the case did not comply with Rule 58 and was not a final order. Accordingly, we vacate the judgment and remand the case for entry of a final order that complies with Rule 58.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment Vacated and Case Remanded**

RICHARD H. DINKINS, J., delivered the opinion of the court, in which J. STEVEN STAFFORD, P.J., W.S., and CARMA D. MCGEE, J. joined.

R. Steven Waldron, Murfreesboro, Tennessee, for the appellants, Terry L. Wallace.

Stephen W. Elliott and Fetlework Balite-Panelo, Nashville, Tennessee, for the appellee, City of Lewisburg, Tennessee.

## OPINION

### I. FACTUAL AND PROCEDURAL HISTORY

Terry Wallace was terminated from his employment with the City of Lewisburg on July 2, 2010. On July 1, 2011, he filed suit against the City, alleging that he was terminated on the basis of his age in violation of the Tennessee Human Rights Act ("THRA"); he also asserted a claim that the City violated the Open Meetings Act.[1]

The trial took place April 25, 26, and 27, 2016, before the Honorable Lee Russell, who took the case under advisement at the conclusion of the hearing. On November 27, 2017 Judge Russell entered a Memorandum Opinion and Order dismissing the complaint, holding that Mr. Wallace had failed to prove that age was the determinative factor in his termination ("November 27 Order").

On April 16, 2018, Mr. Wallace moved pursuant to Tennessee Rule of Civil Procedure 60.02 for relief from the November 27 Order, seeking to have it set aside on the grounds that his counsel did not receive a copy of the order and that the order did not comply with Tennessee Rule of Civil Procedure 58. In support of the motion, Mr. Wallace filed the affidavits of his counsel, Steven Waldron, and Mr. Waldron's legal assistant, Arlene Smith, both of whom stated that Mr. Waldron had not received the November 27 Order and that Mr. Waldron first found out about the November 27 Order on April 6, 2018, when he contacted opposing counsel about the case. Mr. Wallace requested that the trial court's judgment be set aside "so as to be re-entered to allow Plaintiff the time envisioned by the rules of civil and appellate procedure for the filing of post-trial motions and/or taking of an appeal." The City responded, arguing that the motion was untimely and that the November 27 Order substantially complied with Rule 58.

Mr. Wallace filed an amended motion on May 3, stating that Judge Russell had retired over sixty days prior to the Rule 60.02 motion being filed and consequently, pursuant to Tennessee Code Annotated section 17-1-304,[2] had lost authority to rule on

---

[1] In due course, the City moved for partial summary judgment on Mr. Wallace's Open Meetings Act claim, which Mr. Wallace did not oppose; the trial court granted the motion, and that claim is not at issue on appeal.

[2] Judge Russell retired three days after entry of the November 27 Order. Tennessee Code Annotated section 17-1-304 states:

> (a) Whenever any trial judge vacates the office of judge for any cause whatsoever, other than the death or permanent insanity of the judge, the judge shall have and retain, as to cases pending before the judge, the trial of which has begun prior to the judge's vacation of office, all the powers in connection with the cases that the judge might have exercised therein, had the vacation of office not occurred.

the motion. Mr. Wallace asserted that Judge Wyatt Burke, who assumed responsibility for the case after Judge Russell's retirement:

> [d]oes not have the authority to read the trial transcript and rule. Instead, the Order Dismissing Complaint and the Memorandum Opinion should be set aside pursuant to Rules 60.02 and 58 of the Tennessee Rules of Civil Procedure, and this case should be docketed for a new trial by a judge who has not read the Memorandum Opinion or Order Dismissing Complaint.

The trial court heard argument on the original and amended motions on August 3 and entered its order denying both on August 14, ruling that the trial court substantially complied with Rule 58 and that Mr. Wallace was not entitled to relief pursuant to Rule 60.02. Mr. Wallace appeals, asserting that the trial court erred in finding that the November 27 Order substantially complied with Rule 58; as a second issue, Mr. Wallace argues that the case should be remanded for a new trial. For the reasons set forth hereinafter, we conclude that the November 27 Order does not comply with the requirements of Rule 58 and, consequently, was not a final order.

## II. ANALYSIS

Tennessee Rule of Civil Procedure 58, governing judgments, states:

> Entry of a judgment or an order of final disposition is effective when a judgment containing one of the following is marked on the face by the clerk as filed for entry:
>
> > (1)     the signatures of the judge and all parties or counsel, or
>
> > (2)     the signatures of the judge and one party or counsel with a certificate of counsel that a copy of the proposed order has been served on all other parties or counsel, or
>
> > (3)     the signature of the judge and a certificate of the clerk that a copy has been served on all other parties or counsel.

---

(b) The judge's powers in this respect shall not extend beyond sixty (60) days from the date of such vacation of office.

(c) The powers shall especially include, but shall not be limited to, the right to render judgments, to hear and determine motions for new trial, to grant appeals and to approve bills of exceptions.

(d) The powers may be exercised by the judge either within or without the geographical limits assigned by law to the judge.

Following entry of judgment the clerk shall make appropriate docket notations and shall copy the judgment on the minutes, but failure to do so will not affect validity of the entry of judgment. When requested by counsel or pro se parties, the clerk shall forthwith mail or deliver a copy of the entered judgment to all parties or counsel. *If the clerk fails to forthwith mail or deliver, a party prejudiced by that failure may seek relief under Rule 60.*

(emphasis added).

In *Steppach v. Thomas*, we explained the purpose of Rule 58:

"[T]o insure that a party is aware of the existence of a final, appealable judgment in a lawsuit in which he [or she] is involved." *Masters ex rel. Masters v. Rishton,* 863 S.W.2d 702, 705 (Tenn. Ct. App. 1992); *see also* Tenn. R. Civ. P. 58, advisory comm'n cmt. (stating that Rule 58 "is designed to make uniform across the State the procedure for the entry of judgment and to make certain the effective date of the judgment"). Compliance with Rule 58 is mandatory, *State ex rel. Taylor v. Taylor,* No. W2004-02589-COA-R3-JV, 2006 WL 618291, at *2 (Tenn. Ct. App. Mar. 13, 2006) (quoting *Gordon v. Gordon,* No. 03A01-9702-CV-00054, 1997 WL 304114, at *1 (Tenn. Ct. App. June 5, 1997)), and "[t]he failure to adhere to the requirements set forth in Rule 58 prevents a court's order or judgment from becoming effective." *Blackburn v. Blackburn,* 270 S.W.3d 42, 49 (Tenn. 2008) (citing *DeLong v. Vanderbilt Univ.,* 186 S.W.3d 506, 509 (Tenn. Ct. App. 2005)). This means that an order that does not comply with Rule 58 "is not a final judgment and is ineffective as the basis for any action for which a final judgment is a condition precedent." *Citizens Bank of Blount County v. Myers,* No. 03A01-9111-CH-422, 1992 WL 60883, at *3 (Tenn. Ct. App. Mar. 30, 1992) (holding that an execution and garnishment was improper when based on a judgment that did not comply with Rule 58); *see also State ex rel. Taylor,* No. W2004-02589-COA-R3-JV, 2006 WL 618291, *3 (Tenn. Ct. App. March 13, 2006) (dismissing the appeal for lack of a final order when the order appealed from did not comply with Rule 58). Accordingly, if the order appealed is not a final judgment, this Court does not have subject matter jurisdiction to adjudicate the appeal. *In re Estate of Henderson,* 121 S.W.3d 643, 645 (Tenn. 2003).

No. W2008-02549-COA-R3-CV, 2009 WL 3832724, at *4 (Tenn. Ct. App. Nov. 17, 2009).

The November 27 Order was signed by Judge Russell and bore a Certificate of Service which stated:

4

I, the undersigned, do hereby certify that I have placed a true and exact copy of the foregoing Order in the United States Mail, postage prepaid, to: Hon. Steven Waldron, 202 W. Main Street, Murfreesboro, TN 37130 (email: arlenesmith@comcast.net); and Hon. Stephen W. Elliott, Court Square Building, 300 James Robertson Pkwy., Nashville, TN 37201-1107 (email: selliot@howell-fisher.com).

This 21st day of November, 2017.

Judge Russell signed his name again under the Certificate of Service.

The trial court concluded that Judge Russell had substantially complied with Rule 58, that the November 27 Order was effective as a final order, and that Mr. Wallace was not entitled to have the order set aside on the grounds asserted. Neither Rule 58, the advisory comments to the rule, nor the cases interpreting that rule, allow for substantial compliance to satisfy the strictures of Rule 58. On the contrary, as previously noted, compliance with the strictures of the rule is "mandatory." *State ex rel. Taylor,* 2006 WL 618291, at *2 (quoting *Gordon*, 1997 WL 304114, at *1).

The November 27 Order does not contain the signature of a party, counsel, or clerk; without at least one of those signatures, the November 27 Order was not effective within the meaning of Rule 58, and was not final. Tenn. R. Civ. P. 58; *Citizens Bank of Blount Cnty.*, 1992 WL 60883 at *3 (holding that failure to comply prevents a court's judgment from becoming final). As stated in *Citizens Bank of Blount County*, "a judgment, filed in contravention of [Rule 58] is not a final judgment and is ineffective as the basis for any action for which a final judgment is a condition precedent." 1992 WL 60883, at *3. Accordingly, we vacate the judgment of the trial court entered August 14, 2018, and remand the case for the entry of an order that complies with Rule 58.

Our resolution of this appeal pretermits the second issue raised by Mr. Wallace, as the entry of a final order will allow the parties to file such motions that each deems appropriate in the trial court.

 

 

RICHARD H. DINKINS, JUDGE

5